Ed. Lieberman, Inc., Appellee, v. South Side Furniture and Commission House, Inc., Appellant.

Gen. No. 38,120.

Opinion filed June 28, 1935.

CHARLES A. BELLOWS and GLICKMAN & KING, all of Chicago, for appellant.

LOUIS A. SMITH and SIMON HERR, both of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant seeks to reverse a judgment entered by default against it on December 11, 1934, and an order entered February 4, 1935, overruling its motion to vacate the judgment and for leave to defend.

November 28, 1934, plaintiff brought suit against the South Side Furniture and Commission House, Inc., a corporation, and Ethel Bronfeld. December 8, 1934, the return of the bailiff of the municipal court shows that he served the South Side Furniture and Commission House, a corporation, by delivering a copy of the praecipe and statement of claim to J. S. Arrowsmith, agent of the corporation, at the same time informing him of the contents thereof. The return also shows that the other defendant was not found. December 11th there was a default and judgment against the defendant South Side Furniture and Commission House, Inc., a corporation, for $819.19. January 12th an execution was issued and the return of the bailiff the same day was that the judgment debtor was not found; two days later an affidavit for garnishee summons was filed, the Drexel State Bank of Chicago, a corporation, being named as garnishee. It was served and filed its answer setting up that it had no funds belonging to the South Side Furniture and Commission House.

January 18th another execution was issued against the judgment debtor but whether it was given to the bailiff for service does not appear. January 24th an order was entered discharging the garnishee. January 30th notice was filed in which it was stated the defendant would move to quash the service of summons and to vacate the judgment, and on the same day an order was entered overruling the motion to quash the summons. February 1st the judgment debtor

entered its appearance notifying counsel for plaintiff that it would ask leave to file a petition to vacate the judgment. The petition was filed and an order entered postponing the matter without prejudice to the levy which had apparently theretofore been made by the bailiff, and on the next day an amended petition was filed asking that the judgment be vacated and set aside, the petition to stand in lieu of an affidavit of merits. February 4th an order was entered overruling the motion, and defendant appeals from the judgment entered December 11th, and from the order of February 4th overruling its motion to open up the judgment and for leave to defend.

The defendant contends that the statement of claim fails to state a cause of action and therefore the judgment cannot stand. In reply to this contention counsel for plaintiff say that the action being one of the fourth class in the municipal court of Chicago, a statement of claim is sufficient if it apprises defendant of the nature of plaintiff's demand, and in the absence of the report of the proceedings on the trial the court will presume that the finding and judgment were warranted by the evidence. And it is contended the record discloses that evidence was heard on the hearing of the motion to open up the judgment and for leave to defend. This contention is not borne out by the record. The order overruling defendant's motion is as follows: "This cause coming on for hearing upon the motion of the defendants heretofore entered herein to vacate default and judgment, and the Court being fully advised in the premises overrules said motion." This does not indicate that any evidence was taken, but on the contrary, that the matter was heard on the verified petition alone; nor was there any evidence heard at the time the default judgment was entered, so that the sufficiency of plaintiff's statement of claim and defendant's amended petition to open up the judgment and for leave to defend are both before us.

The judgment having been entered by default, if the statement of claim did not state a cause of action the judgment cannot stand because, in the absence of evidence, the default only admitted the charge made against the defendant.

The substance of the statement of claim is that on September 25, 1931, plaintiff recovered a judgment in the municipal court of Chicago against Harry Bronfeld for $624.50 and costs; that in that suit Isadore Cohen was also a party defendant, and a judgment was likewise entered against him and Harry Bronfeld jointly; that the suit was for goods, wares and merchandise sold and delivered to the defendants who were maintaining a furniture business at 6214–24 Cottage Grove avenue during 1928 and 1929; that after the judgment was obtained and execution was issued against Harry Bronfeld and returned unsatisfied, there was also an execution issued against the two judgment debtors which had not been satisfied; that about July 7, 1934, without notice to the plaintiff, the furniture business then being conducted at 6214–24 Cottage Grove avenue "was transferred in bulk to the premises at 6301 Cottage Grove Ave., . . . in which premises ETHEL BRONFELD claimed to maintain a furniture business"; that plaintiff at no time received any notice of the purported transfer of the business from Isadore Cohen and Harry Bronfeld to Ethel Bronfeld or to the South Side Furniture and Commission House, a corporation. By reason of the foregoing facts, Ethel Bronfeld and the South Side Furniture and Commission House, "have become responsible to this plaintiff for the said sum of SIX HUNDRED TWENTY FOUR AND 50/100 ($624.50) DOLLARS, and interest thereon from September 25, 1931, together with all costs expended by this plaintiff." It is obvious that this statement of claim, in any view of the law, does not state a cause of action. There is no allegation that any goods were transferred by Isadore Cohen and Harry Bronfeld to

Ethel Bronfeld or to the South Side Furniture and Commission House. All that is alleged is that the "furniture business" was transferred to 6301 Cottage Grove avenue in which premises Ethel Bronfeld claimed to maintain a furniture business. The statement of claim is wholly insufficient to support the judgment.

We are also of the opinion that even if there were a good statement of claim, the court erred in refusing to open up the judgment and permit the defendant to interpose a defense. In the amended petition it is alleged *inter alia* that the judgment entered in the instant case was procured by fraud and collusion in that in another case theretofore pending in the municipal court, a judgment was entered in favor of plaintiff, Ed. Lieberman, Inc., against Harry Bronfeld for $624.50; that an execution was issued on that judgment and a levy made on the property located at 6301 Cottage Grove avenue, which was owned by the petitioner; that a trial of right of property was had in that case, in which it was found, and judgment entered, that the petitioner, Ethel Bronfeld, was the owner of the goods levied upon and that levy was thereupon released; that subsequently she caused the business to be incorporated as the South Side Furniture and Commission House, the defendant; that neither she nor the defendant, South Side Furniture and Commission House, ever accepted any goods in bulk or otherwise from Harry Bronfeld; that the right to the property had been adjudicated in the trial of the right of property case; that the subject matter of that suit is the same as the subject matter involved in the instant case. There are other allegations in the amended petition which we think it unnecessary to refer to here. The allegations were sufficient prima facie to show that the defendant, South Side Furniture and Commission House, was the owner of the goods, as determined by

the municipal court in the trial of the right of property case.

The court should have allowed defendant's motion to open up the judgment and should have given leave to defend.

The judgment and order of the municipal court of Chicago are both reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.